ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                    )
                                               )
Woolpert, Inc.                                 )     ASBCA No. 63515
                                               )
Under Contract No. W912QR-17-D-0036            )

APPEARANCES FOR THE APPELLANT:          Suzanne Sumner, Esq.
                                        Brandon E. Dobyns, Esq.
                                          Taft Stettinius & Hollister LLP
                                          Dayton, OH

APPEARANCES FOR THE GOVERNMENT:         Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                        Thomas M. Barrett, Esq.
                                        James M. Inman, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District, Louisville

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON JURISDICTION

The Board, *sua sponte*, directed the parties to brief the issue of whether the Board held jurisdiction over this appeal.[1]  In response, the United States Army Corps of Engineers (USACE or government) requests that the Board dismiss this appeal for lack of jurisdiction, asserting that Woolpert, Inc. (Woolpert or appellant) failed to file its appeal within 90 days of receiving the contracting officer's final decision (COFD), pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 7104(a).  Woolpert alleges that following its receipt of the COFD, actions from the contracting officer vitiated the finality of her final decision.  For the reasons explained below, we grant the government's request.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1.  On June 28, 2017, USACE awarded Woolpert Contract No. W912QR-17-D-0036, an indefinite-delivery, indefinite-quantity contract for architectural-engineering services involving the design of military and civil work projects within the Great

---

[1] There is a concurrent matter pending before the United States Court of Federal Claims involving an appeal from the same claim that is the subject of the above-captioned appeal.

Lakes and Ohio River Division Mission Boundaries (gov't resp., ex. 2 at 1-2)[2].

2. On May 7, 2019, USACE awarded Woolpert Task Order No. W912QR-19-F-0219 in preparation for a design-bid-build request for proposal concerning a consolidated communications facility located on Scott Air Force Base, Illinois (*id.* at 2).

3. USACE issued an interim Contractor Performance Assessment Reporting System (CPARS) evaluation for Woolpert on January 31, 2022. This evaluation covered Woolpert's period of performance from May 8, 2020 to August 3, 2021. (*Id.* at 3)

4. The interim CPARS evaluation included the following ratings for Woolpert:

    a. Quality – Marginal
    b. Schedule – Marginal
    c. Cost Control – Marginal
    d. Management – Satisfactory
    e. Small Business Subcontracting – Satisfactory

(*Id.*)

5. Woolpert submitted its comments, non-concurrence, and request for reevaluation on February 14, 2022. On May 10, 2022, USACE issued a modified CPARS evaluation that changed the "Schedule" and "Cost Control" ratings from "Marginal" to "Satisfactory," but the "Quality" rating remained as "Marginal." (Gov't resp., ex. 1 at 1-2)

6. Woolpert requested an in-person meeting with USACE to discuss the modified CPARS evaluation. The meeting occurred on June 2, 2022, in which Woolpert requested another reevaluation and explained its reasoning and justification for improved ratings. On July 5, 2022, USACE provided its response to the meeting and decided to leave the modified CPARS evaluation unchanged. (*Id.* at 2)

7. On July 29, 2022, Woolpert submitted a certified claim and request for a COFD (app. br. at 1)[3]. The claim sought revision of USACE's modified CPARS evaluation issued on May 10, 2022 (gov't resp. ¶ 1).

---

[2] "Gov't resp." refers to the government's response, dated March 27, 2023, to appellant's brief.

[3] "App. br." refers to appellant's brief, dated February 23, 2023.

8.   On October 21, 2022, the contracting officer issued her final decision, which denied Woolpert's claim in its entirety (app. br. at 1).  Woolpert received the COFD on the same day (gov't resp., ex. 3).

9.   On November 16, 2022, Woolpert emailed the contracting officer, requesting a meeting to discuss the COFD.  In a portion of the email exchange, Woolpert wrote:

> We have reviewed your final decision with our outside government contracts attorney, and before we make any further decisions, we would request reconsideration of your decision, focusing specifically on our request for a change in the "Quality" rating. . . . The reason for the urgency of this meeting request is to ensure we reserve our appeal rights as noted in your final decision received on October 21.

(App. br. at 2)

10.  On December 8, 2022, Woolpert and USACE convened virtually, and the meeting was recorded by Woolpert (app. br. at 2).[4]

11.  During the meeting, a Woolpert official summarized its reasoning for why it believed USACE's comments did not support the "Marginal" rating for "Quality".  He then asked the contracting officer to reconsider her final decision.  (*See* Gov't ex. 5 at 4:50 – 10:24)

12.  In response, the contracting officer stated that the COFD was the government's final decision.  She stated that various USACE officials had thoroughly vetted that decision.  She indicated that she had agreed to meet with Woolpert only as a courtesy due to the parties' long relationship but, in terms of revisiting her decision, USACE was "beyond that point."  She referred Woolpert to the notice of appeal rights in the COFD if it wished to pursue the matter further.  She concluded by stating that the COFD is "where we are at."  She then allowed another USACE official to speak, who reiterated that "the decision is made at this point."  (Gov't ex. 5 at 10:44 – 12:50)

13.  Undeterred, Woolpert's in-house counsel jumped in and continued to press the contracting officer to reconsider, but even he acknowledged that "we recognize that this is the final decision."  He requested an answer to Woolpert's request for reconsideration by the end of the following week due to both the upcoming holidays

---

[4] Woolpert provided USACE with a copy of the meeting's video recording, which the government filed as exhibit 5 in its response to appellant's brief.

and deadline to appeal the COFD. (Gov't ex. 5 at 12:50 – 12:44)

14. The contracting officer stated USACE would have another discussion and that she would provide an answer in writing to Woolpert by the end of the following week, as Woolpert had requested. (Gov't ex. 5 at 14:54 – 15:10)

15. For the duration of the meeting, the contracting officer did not discuss the substance of the COFD or the substance of Woolpert's contentions as presented in the meeting, nor did she state, implicitly or explicitly, that she would reconsider her final decision (gov't resp. ¶ 13).

16. On December 16, 2022, Woolpert received the contracting officer's letter in response to the December 8, 2022, meeting. The letter noted Woolpert's request for reconsideration and stated that USACE remained satisfied with the CPARS ratings. The letter concluded that the COFD issued on October 21, 2022 "remains final." (App. br. at 3)

17. On January 20, 2023, 91 days after Woolpert received the COFD, appellant filed its notice of appeal (gov't resp. ¶ 19).

18. The notice of appeal referenced the "21 October 2022" COFD, "8 December 2022" meeting, and "16 December 2022" letter from the contracting officer (gov't resp., ex. 7 at 2).

19. The notice of appeal also stated that "This notice is timely filed within 90 days of the COFD referenced above and has been provided to the Contracting Officer via email" (*id.* at 3).

DECISION

The government requests that the Board dismiss this appeal for lack of jurisdiction, asserting that appellant's notice of appeal was submitted more than 90 days from the date of receipt of the COFD (gov't resp. at 1). Appellant contends that the contracting officer's actions had vitiated the finality of her October 21, 2022 decision and that her final determination was not rendered until she issued the December 16, 2022 letter. As a result, appellant argues that the Board has jurisdiction over this appeal because the notice of appeal was filed within 90 days of the contracting officer's December 16, 2022 letter. (App. br. at 6)

4

I. Appellant's Notice of Appeal is Untimely, as it was Filed More than 90 Days from the Contractor's Receipt of the COFD

First, we address the government's argument that appellant's notice of appeal was untimely filed.

As the proponent of the Board's jurisdiction, appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. Under the CDA, the Board's jurisdiction is "dependent upon the contractor's submission of its claim to the [contracting officer] and a final decision on, or the deemed denial of, the claim." *Id.* (citing 41 U.S.C. §§ 7103-7105). The contracting officer's decision on a claim "is not subject to review by any forum, tribunal, or Federal Government agency, unless an appeal or action is timely commenced as authorized by this chapter." 41 U.S.C. § 7103(g). Specifically, 41 U.S.C. § 7104(a) defines a timely appeal and states that "[a] contractor, within 90 days from the date of receipt of a contracting officer's decision . . . may appeal the decision to an agency board as provided in section 7105 of this title." Thus, the 90-day deadline to file an appeal is statutory, cannot be waived, and must be strictly construed. *See also Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982).

Here, it is abundantly clear that appellant received the COFD on October 21, 2022, the same day of its issuance (SOF ¶ 8). Pursuant to 41 U.S.C. § 7104(a), appellant's final day to file its notice of appeal was January 19, 2023. However, appellant did not do so until January 20, 2023, one day past the statutory requirement for the filing period (SOF ¶ 17). As the Federal Circuit found in *Cosmic Construction*, the 90-day filing period must be strictly construed, and the Board cannot waive the requirement. *Cosmic Constr.*, 697 F.2d at 1390. Therefore, based on the facts in this appeal, the Board must conclude that appellant was untimely in filing its notice of appeal.

Appellant alleges that since its notice of appeal also referred to the December 8, 2022 meeting that took place after it received the COFD, as well as the December 16, 2022 letter that the contracting officer issued following the meeting, the Board should find that the letter is the governing COFD (app. reply at 2). We remain unconvinced. Appellant's notice of appeal did not represent the contracting officer's December 16, 2022 letter as the COFD. Further, appellant's statement that "[t]his notice is timely filed within 90 days of the COFD referenced above" plainly indicates that it had predicated the filing period upon the October 21, 2022 COFD (*see* SOF ¶¶ 18-19).

5

## II.  The Contracting Officer's Actions Did Not Vitiate the Finality of the COFD

Next, we discuss appellant's contentions that the contracting officer's actions concerning both the December 8, 2022 meeting and December 16, 2022 letter vitiated the finality of the October 21, 2022 COFD, thereby making its appeal timely.

In *Godwin Corp.*, we stated that "[t]his Board has repeatedly found the test for vitiation of finality 'is whether the contractor presented evidence showing it reasonably or objectively could have concluded the [contracting officer's] decision was being reconsidered.'"  *Godwin Corp.*, ASBCA No. 61410, 18-1 BCA ¶ 37,073 at 180,449 (quoting *Sach Sinha and Assocs., Inc.*, ASBCA No. 46916, 95-1 BCA ¶ 27,499 at 137,042).  Further defining this test, the Board has "noted that '[t]he focus is upon the action of the government during the appeal period, i.e., whether any government action could have reasonably led a contractor to believe that the subject matter was not yet final, thereby making an appeal to the [B]oard unnecessary.'"  *Id.* (quoting *Shafi Nasimi Constr. and Logistics Co.*, ASBCA No. 59916, 16-1 BCA ¶ 36,215 at 176,697).  In considering "whether actions by the government vitiated the finality of the final decision," we have also found that "'receipt by the [contracting officer] of a request for reconsideration of a decision in itself does not serve to vacate a decision or the period in which to appeal.'"  *Aerospace Facilities Grp., Inc.*, ASBCA No. 61026, 18-1 BCA ¶ 37,105 at 180,605 (quoting *Royal Int'l Builders Co.*, ASBCA No. 42637, 92-1 BCA ¶ 24,684 at 123,135).

Based on our review of the record, including the video of the December 8, 2022 meeting, the Board concludes that Woolpert did not have a reasonable basis to believe that the contracting officer was reconsidering her final decision.  Rather, the record demonstrates that Woolpert simply refused to accept "no" for an answer (SOF ¶¶ 6-13).  At the December 8, 2022 meeting, the contracting officer and another USACE official informed Woolpert at least four times that the decision was final and that Woolpert could appeal the decision if it disagreed.  The contracting officer also made it clear that she had agreed to the meeting only as a courtesy due to their past relationship and to assure Woolpert that USACE had thoroughly vetted the decision.  While it is true that the contracting officer stated at the end of the meeting that she would speak with other USACE officials, she said this only after Woolpert continued to badger her.  She never stated that she would reconsider the decision, and a Woolpert official acknowledged that the decision was final (SOF ¶ 13).[5]

Appellant argues that the contracting officer's willingness to meet following her COFD made it reasonable for Woolpert to conclude that she was willing to reconsider her final decision.  In support of this argument, appellant cites *Johnson Controls, Inc.*,

---

[5] The Board also observes that Woolpert was quite aware that the deadline for filing an appeal was approaching, as it referenced this on two occasions (SOF ¶¶ 9, 13).

ASBCA No. 28340, 83-2 BCA ¶ 16,915 (finality vitiated where the contracting officer granted contractor an audience to discuss the decision and did not "make it very clear" that the original appeal period was running). (App. reply at 2) In *Johnson Controls,* the Board found that the evidence indicated that "the merits of the claim and the contracting officer's decision were discussed during the meeting . . . and that the meeting was held 'to discuss further consideration' of the claim." *Johnson Controls*, 83-2 BCA ¶ 16,915 at 84,170. In Woolpert's appeal, neither the merits of the claim or the COFD were discussed by USACE during the December 8, 2022 meeting. Moreover, the Board recognized in *Johnson Controls* that "a meeting held with the contractor as a mere act of courtesy should not be held to constitute a reconsideration of the merits" of the COFD, which is essentially what happened here. *Id.* The contracting officer made it clear to Woolpert during the meeting that her decision was final and that the meeting was a mere courtesy (SOF ¶ 12).

For these reasons, we hold that appellant has not presented evidence showing it reasonably or, much less, objectively, could have concluded that the contracting officer was reconsidering her final decision.

CONCLUSION

As discussed above, appellant's appeal was not timely filed, and the finality of the COFD was not vitiated; thus, the Board lacks jurisdiction over this appeal. Accordingly, the appeal is dismissed.

Dated: March 7, 2024

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

7

I concur                                          I concur

_John J. Thrasher_                          _Michael N. O'Connell_
JOHN J. THRASHER                      MICHAEL N. O'CONNELL
Administrative Judge                       Administrative Judge
Chairman                                        Vice Chairman
Armed Services Board                     Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63515, Appeal of Woolpert, Inc., rendered in conformance with the Board's Charter.

Dated: March 7, 2024

_Paulla K. Gates-Lewis_
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals